**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| DE CAMARA, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>BRYN MAWR COLLEGE, *et al.*,<br><br>       Defendants. | Civil Action No. 2:25-cv-002287-MAK |

**JOINT MOTION TO PERMIT PLAINTIFF KYRA KUELGEN TO WITHDRAW**

Plaintiff Kyra Kuelgen ("Plaintiff Kuelgen") and Defendants Bryn Mawr College and the Trustees of Bryn Mawr College (together, the "College") (collectively, Plaintiff Kuelgen and the College are the "Moving Parties"), by and through their undersigned attorneys, jointly move the Court for the entry of an agreed order permitting Plaintiff Kuelgen to withdraw as a named Plaintiff and class member in this putative class action.

1.      Plaintiff Kuelgen was one of the named Plaintiffs in this action beginning with the filing of the original Complaint on May 5, 2025. (Dkt. 1.)

2.      Plaintiff Kuelgen has decided that it is in her best interests to focus her attention on her academics and personal life rather than on this litigation. For this reason, Plaintiff Kuelgen requests that she be permitted to withdraw from this action as a named plaintiff and putative class representative.

3.      Plaintiff Kuelgen's withdrawal from the case will not affect the action with prejudice and will only alter the case by disposing of a potential sub-class of individuals alleging that the College filed to provide transportation accommodations. Three named plaintiffs remain as representatives for the other putative sub-classes.

4. Voluntary dismissals of plaintiffs sought in good faith are generally granted unless the defendant would suffer substantial prejudice. *Conafay v. Wyeth Labs.*, 793 F.2d 350, 535 (D.C. Cir. 1986); *see also In re Initial Public Offering Secs. Litig.*, 224 F.R.D. 550, 552 (S.D.N.Y. 2004) (allowing lead plaintiffs in a class action to withdraw for "personal reasons"); *Org. of Minority Vendors, Inc. v. Ill. Central-Gulf R.R.*, No. 79 C 1512, 1987 WL 8997 (N.D. Ill. Apr. 2, 1987) ("Absent a good reason, however, a plaintiff should not be compelled to litigate if it doesn't wish to.").

5. No prejudice exists, as Defendants consent to the dismissal.

6. The withdrawal of Plaintiff Kuelgen will not hinder the advancement of this case and will not jeopardize the interests of the putative sub-classes, which remain undefined. The remaining named plaintiffs continue to litigate this case.

7. The Moving Parties shall bear their own attorneys' fees and costs.

For the above reasons, the Moving Parties respectfully request that this Court grant their Motion and permit Plaintiff Kuelgen to withdraw as a named plaintiff and putative class representative.

Date: February 13, 2026

QUAINTON LAW, PLLC

 s/ Eden P. Quainton
Eden P. Quainton
2 Park Avenue, 2nd Floor
New York, NY 10016
Tel: (212) 419-0575

SAUL EWING LLP

s/ Carolyn A. Pellegrini
Joshua W.B. Richards (PA 204315)
joshua.richards@saul.com
Carolyn A. Pellegrini (PA 307026)
carolyn.pellegrini@saul.com
1735 Market Street, 34th Floor
Philadelphia, PA 19103
Tel: (215) 972-7777

2

SIDKOFF, PINCUS & GREEN, P.C.
Samantha F. Green
sgreen@sidkoffpincusgreen.com
1101 Market Street, Suite 2700
Philadelphia, PA 19107

*Attorneys for Plaintiffs*

Matthew P. Reinhart (PA ID 337246)
matthew.reinhart@saul.com
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Tel: (410) 332-8795

*Attorneys for Defendants*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below, I caused a true and correct copy of the

foregoing to be served upon the following via e-mail:

> Eden P. Quainton, Esq.
> Quainton Law, PLLC
> 2 Park Avenue, 20th Floor
> New York, NY 10016
> equainton@gmail.com
> eden.quainton@quaintonlaw.net
>
> Samantha F. Green
> Sidkoff, Pincus & Green, P.C.
> 1101 Market Street, Suite 2700
> Philadelphia, PA 19107
> sgreen@sidkoffpincusgreen.com
>
> *Attorneys for Plaintiff*


Date: February 13, 2026                                   *s/Carolyn A. Pellegrini*
                                                          Carolyn A. Pellegrini